**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Greer, | No. CV 13-0166-TUC-BGM |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Defendant. | |

On March 15, 2013, Plaintiff Eric Greer, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On the same date, Plaintiff filed his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff is an "unemployed student at Pima." Appl. to Proceed in Dist. Ct. Without Prepaying Fees or Costs (Doc. 2) at 5. The statement also indicates that Plaintiff has no cash or other assets. The Court finds Plaintiff is unable to pay the fees. Plaintiff's motion to proceed *in forma pauperis* will be granted.

. . .

. . .

## II. STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Rule 8(a), Fed. R. Civ. P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975).  Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards

than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim.

## III.   COMPLAINT

Plaintiff alleges three claims for relief pursuant to 42 U.S.C. § 1983 including violations of his Constitutional rights pursuant to the *ex post facto* clause, procedural due process clause and equal protection clause of the United States Constitution. Compl. (Doc. 1). Plaintiff names the State of Arizona as his sole Defendant and seeks removal from the sex offender registry and damages to be assessed by this Court "as it deems appropriate." *Id.*

Plaintiff alleges he was arrested for sexual assault on December 22, 1991. Compl. (Doc. 1) at 2. Subsequently, Plaintiff entered into a plea agreement and was sentenced to 25 months[1]. *Id.* Plaintiff "landed in Tucson, AZ September 18, 2010, [and] was forced to register as a sex offender in Oct. of 2011." *Id.* Plaintiff alleges that the State of Arizona is imposing additional punishment on him since "[his] Judge did not require [him] to register as a sex offender." *Id.* Plaintiff further alleges that "[t]he state has in effect denied [him] expectation [sic] of finality on the case that I was convicted on."

Plaintiff further alleges that "[i]t is . . . only during judicial proceedings that one can

---

[1] Plaintiff's Complaint does not indicate whether this was a term of imprisonment, probation, supervised release, or a combination thereof.

- 3 -

1 have their rights as a citizen taken away." Compl. (Doc. 1) at 2. Because "the state has no
2 judicial procedure attached to or that addresses the reviving a sentence that has been served
3 in full[,]" Plaintiff alleges violation of his Procedural Due Process and Equal Protection
4 rights. *Id.*

6 **IV.   FAILURE TO STATE A CLAIM**

7 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
8 conduct about which he complains was committed by a person acting under the color of state
9 law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v.*
10 *Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional
11 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
12 a particular defendant and he must allege an affirmative link between the injury and the
13 conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

14 *A.   Ex Post Facto Clause*

15 "The Ex Post Facto Clause of the Constitution prohibits our state and federal
16 governments from retroactively imposing additional punishment for commission of a
17 criminal offense." *American Civil Liberties Union of Nevada v. Masto*, 670 F.3d 1046, 1052
18 (9th Cir. 2012) (citing U.S. Const. art. I, §§ 9, cl. 3). The first step in determining whether
19 a statutory scheme violates the *Ex Post Facto* Clause is "ascertain[ing] whether the
20 legislature meant the statute to establish 'civil' proceedings." *Smith v. Doe*, 538 U.S. 84, 92,
21 123 S.Ct. 1140, 1146-47, 155 L.Ed.2d 164 (2003) (quoting *Kansas v. Hendricks*, 521 U.S.
22 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)); *See ACLU of Nevada*, 670 F.3d at 1053.
23 If the legislative intent was to impose punishment, the inquiry ends. *Id.* If, however, the
24 legislative intent was to enact a nonpunitive regulatory scheme, then it must be considered
25 "whether the statutory scheme is 'so punitive either in purpose or effect as to negate [the
26 State's] intention' to deem it 'civil.'" *Id.* (citations omitted) (alterations in original). "'[O]nly
27 the clearest proof' will suffice to override legislative intent and transform what has been
28 denominated a civil remedy into a criminal penalty." *Id.* (*quoting Hudson v. United States*,

- 4 -

522 U.S. 93, 100, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997)).

In *Smith*, the Supreme Court of the United States considered whether an Alaska sex offender registration and notification law "constitute[d] retroactive punishment forbidden by the *Ex Post Facto* Clause." *Smith*, 538 U.S. at 92, 123 S.Ct. at 1146. In so doing, the *Smith* Court "set forth the standard for evaluating whether a sex offender registration program violates the *Ex Post Facto* Clause." *United States v. Elkins*, 683 F.3d 1039, 1044 (9th Cir. 2012). After careful consideration, the Supreme Court held that the Alaska sex offender registration requirements were "nonpunitive and [their] retroactive application does not violate the *Ex Post Facto* Clause." *Id.* at 105-106, 123 S.Ct. at 1154.

Following the extensive analysis in *Smith*, the Arizona Court of Appeals acknowledged that Alaska's Sex Offender Registration Act analyzed in *Smith* "established a registration and public notification scheme similar to Arizona's[.]" *State v. Henry*, 224 Ariz. 164, 171, 228 P.3d 900, 906 (Ct. App. 2010), *review denied* (Sept. 21, 2010). The *Henry* court concluded "that Arizona's sex offender registration and notification statutes do not constitute impermissible ex post facto laws[.]" *Id.* at 170, 229 P.3d at 907. Further, prior to the United States Supreme Court's consideration of *Smith*, the Arizona Supreme Court upheld Arizona's sex offender registration system as regulatory, and as such application of the same did "not violate the *ex post fact* clause of the United States or Arizona Constitution." *State v. Noble*, 171 Ariz. 171, 178, 829 P.2d 1217, 1224 (1992).

"The *Ex Post Facto* Clause does not preclude a State from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith*, 538 U.S. at 104, 123 S.Ct. at 1153. "'[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.'" *United States v. Shoulder*, 696 F.3d 922, 927 (9th Cir. 2012) (quoting *Smith*, 538 U.S. at 92, 123 S.Ct. at 1140). Plaintiff has failed to allege any facts that could overcome this burden. Moreover, contrary to Plaintiff's contention, the Arizona sex offender registration and notification statutes provide "for a conviction for failing to register; [they] do not increase the punishment for the past conviction." *Elkins*, 683 F.3d at 1045

(referring to the Federal Sex Offender Registration and Notification Act (SORNA)); A.R.S. § 13-3824 ("A person who is subject to registration under this article and who fails to comply with the requirements of this article is guilty of a class 4 felony."). Accordingly, Plaintiff has failed to state a claim for relief for a violation of the *Ex Post Facto* Clause of the United States Constitution, and the Court will dismiss the same. The Court further finds that this claim cannot be cured by amendment, and the dismissal will be with prejudice.

### B. *Procedural Due Process*

Plaintiff alleges a violation of his procedural due process rights because there was no judicial hearing prior to Arizona requiring him to register as a sex offender. "Whether the law would amount to a violation of procedural due process rights . . . requires a two-step inquiry: 'the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *ACLU of Nevada*, 670 F.3d at 1058; *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012) (quoting *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). Section 13-3821, Arizona Revised Statutes, provides:

> A person who has been convicted of or adjudicated guilty except insane for a violation or attempted violation of any of the following offenses or who has been convicted of or adjudicated guilty except insane or not guilty by reason of insanity for an offense committed in another jurisdiction that if committed in this state would be a violation or attempted violation of any of the following offenses or an offense that was in effect before September 1, 1978 and that, if committed on or after September 1, 1978, has the same elements of an offense listed in this section or who is required to register by the convicting or adjudicating jurisdiction, within ten days after the conviction or adjudication or within ten days after entering and remaining in any county of this state, shall register with the sheriff of that county[.]

A.R.S. § 13-3821(A). "[T]he law's requirements turn on an offender's conviction alone – a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164, 155 L.Ed.2d 98 (2003); *ACLU of Nevada*, 670 F.3d at 1058 (same); *Doe v. Tandeske*, 361 F.3d 594, 596-97 (9th Cir. 2004), *per curiam* (holding that Alaska's sex offender registration law does not deprive registrants of procedural due process). "[A]dequate procedural

1 safeguards at the conviction stage are sufficient to obviate the need for any additional process
2 at the registration stage." *Juvenile Male*, 670 F.3d at 1014 (internal citations omitted); *ACLU*
3 *of Nevada*, 670 F.3d at 1059 (same).

4 Here, the Arizona sex offender registration and notification statutes turn on the fact
5 of conviction. A.R.S. § 13-3821. Plaintiff admits that he plead guilty to sexual assault. *See*
6 Compl. (Doc. 1). Sexual assault is listed as an offense requiring registration. A.R.S. § 13-
7 3821(A)(5). Plaintiff had the opportunity to contest the sexual assault charge at the time of
8 his criminal hearing. Accordingly, Plaintiff is not entitled to any additional judicial process
9 prior to having to register as a sex offender in the State of Arizona. As such, the Court shall
10 dismiss Plaintiff's claim for a deprivation of his Procedural Due Process rights for failure to
11 state a claim upon which relief can be granted. The Court further finds that no set of facts
12 can cure this failure, and the claim shall be dismissed with prejudice.

13     *C.*    *Equal Protection*

14 The Fourteenth Amendment to the United States Constitution provides that no state
15 shall "deny any person within its jurisdiction the equal protection of the laws." U.S. Const.,
16 Amend. XIV § 1. "The Equal Protection Clause . . . applies strict scrutiny if the aggrieved
17 party is a member of a protected or suspect class, or otherwise suffers the unequal burdening
18 of a fundamental right." *Juvenile Male*, 670 F.3d at 1010. The Ninth Circuit Court of
19 Appeals, however, has "rejected the argument that sex offenders are a suspect or protected
20 class." *Id.* (citing *United States v. LeMay*, 260 F.3d 1018, 1030-31 (9th Cir. 2001). 
21 Accordingly, the Arizona sex offender registration and notification statutes "will be upheld
22 if [they] are rationally related to a legitimate state interest." *Id.* (quoting *Fields v. Palmdale*
23 *Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005)) (alterations in original).

24 Here, the Arizona sex offender registration and notification statutes have "a legitimate
25 nonpunitive purpose of 'public safety, which is advanced by alerting the public to the risk
26 of sex offenders in their communit[y]." *Smith*, 538 U.S. at 102-3, 123 S.Ct. at 1152
27 (alterations in original); *See also Juvenile Male*, 670 F.3d at 1009; *Tandeske*, 361 F.3d at
28 597. As such, the requirements of the Arizona sex offender registration and notification

statutes "satisfy rational basis review and do not violate the Equal Protection Clause." *Juvenile Male*, 670 F.3d at 1010 (holding the legitimate non-punitive purpose of public safety satisfies rational basis review of SORNA under the Equal Protection Clause). Accordingly, Plaintiff's Equal Protection claim shall be dismissed for failure to state a valid claim upon which relief can be granted. The Court finds that Plaintiff can not allege any set of facts that will cure this allegation, and as such, dismissal is with prejudice.

Accordingly, IT IS HEREBY ORDERED that:

    1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

    2) The Complaint (Doc. 1) is DISMISSED WITH PREJUDICE.

    3) The Clerk of the Court shall close its file in this matter.

DATED this 12th day of June, 2013.

_____
Bruce G. Macdonald
United States Magistrate Judge